11329

### STATE v. SARGENT

(119 S. E., 832)

CRIMINAL LAW—WEIGHT OF EVIDENCE OBTAINED BY SEARCH WITHOUT WARRANT ADMITTED WITHOUT OBJECTION HELD FOR JURY.—In a prosecution for violating the Prohibition Law, the weight to be attributed to evidence admitted without objection, though obtained by officers searching an automobile without a warrant, *held* for the jury.

Before C. J. RAMAGE, SPECIAL JUDGE, Anderson, May, 1923. Affirmed.

J. O. Sargent was convicted of violating the prohibition law, and he appeals.

Mr. Leon L. Rice, for appellant, cites: *Right of search and seizure involved:* 104 S. C., 146; 117 S. E., 640.

Mr. L. W. Harris, Solicitor, for the State, cites: *Party cannot invite Court to make an error and then use that error as a ground of exception:* 86 S. E., 198; 81 S. E., 478; 79 S. E., 710; 96 S. E., 520; 98 S. E., 197; 90 S. E., 32. *Weight to be given to uncorroborated testimony of accomplice:* 101 S. E., 586.

November 7, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows:

"The defendant was tried at the May, 1923, term of the Court of Sessions for Anderson County for violation of the Prohibition Law, in two counts, (1) possession, and (2) transporting. He was indicted jointly with one L. P. Beam, who pleaded guilty. The defendant, Sargent, was convicted on the second count and sentenced to twelve months on the chaingang and $1.00, six months of which was suspended during his good behavior.

"The testimony in narrative form was as follows:

"The officers, Frank Bell and Jule Duckworth, testified that they were looking for the two defendants and blocked the road, a public highway in Anderson County, with their automobile and waited until Beam and Sargent came along in a Ford roadster automobile; the car being driven by Beam and owned by him. That they asked the two men what they had in the car, to which they received no answer. They raised up the lid to the back of the car and found four one-gallon tin cans of corn whiskey. This search was made without the consent of the two parties and also without

any protest from them. They arrested the men and brought them to jail. They had no search warrants.

"Testimony of L. P. Beam:

"The defendant, Beam, was sitting in the dock and was asked by the Solicitor if he would tell how this matter occurred. He answered he would. He took the stand and testified that he and Sargent went after the whiskey; that he loaned Sargent part of the money with which to buy whiskey, Sargent not having enough money to pay for all of it; that Sargent bought the whiskey and put it in the car; that one gallon was his (Beam's), one gallon was for a friend of his, and the other two gallons was Sargent's; he did not know who Sargent bought the whiskey from; that Sargent and the fellow went off and came back with it. On cross-examination he testified he had not discussed the matter with anybody connected with the Sheriff's office, neither with the Solicitor; he had been offered no reward to testify; that no one connected with the Court knew what he was going to tell when he took the stand.

### "THE DEFENSE

"Defendant testified that he was with Beam on the occasion of the arrest and was merely riding with him as a guest; that he did not know of the presence of the whiskey in the rear of the car until the officers took it out; that they were stopped in the road in the nighttime and forcibly searched by the officers against their will and without their consent, blocking the road to stop the car in which defendants were riding.

"The defendant, Beam, had repeatedly told defendant both alone and in the presence of defendant's counsel that the liquor was his (Beam's) and that Sargent knew absolutely nothing about it.

"Witness, C. E. Shaw, testified that Beam passed his house and went on down the road, coming back some half hour later, and Sargent got in car with him, and they went

off in the direction of where the officers made the arrest."

Appellant's argument states:

"The facts are clearly stated in the agreed case. The point is plain almost to the extent of bluntness. The question raised is whether or not officers can block the road and search a car without a warrant, or the sight or smell of liquor, or the consent of the parties, and obtain a conviction that will receive the sanction of this Court. It involves the invasion of a constitutional right that means more than the conviction of any one man, or the seizure of any amount of alcoholic liquor."

Appellant adds:

"I don't know that I have made my position clear, but, briefly stated, my position is this: The evidence is admissible, but insufficient, and the officer who makes such an illegal search ought not to be rewarded with a conviction, when he relies solely upon evidence obtained by such illegal search."

The evidence was in without objection, and its weight was for the jury.

The judgment is affirmed.